UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

MITCHELL WAUGH,

       Plaintiff,

vs.

LAB 24 LLC,
a Florida Limited Liability Company,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, MITCHELL WAUGH ("Ms. Waugh" or "Plaintiff"), by and through her undersigned counsel, and sues the Defendant, LAB 24 LLC ("L24" or "Defendant") and alleges the following:

1. Plaintiff brings these claims for sex discrimination/sexual harassment and retaliation against Defendant for subjecting her to harassment, discrimination, and ultimately forced discharge in violation of Title VII of the Civil Rights Act ("Title VII"), and the Florida Civil Rights Act ("FCRA"), and for violation of Florida's Whistleblower Act, Section 448.102(3), Florida Statutes ("FWA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, injunctive and declaratory relief, and her attorneys' fees and costs.

## JURISDICTION

2. This Court has original jurisdiction over Plaintiff's Title VII claims as they arise under federal law, and this Court has supplemental jurisdiction over Plaintiff's FCRA

and FWA claims, as they arise under the same set of operative facts as the federal claims.

## VENUE

3. Venue is proper because Defendant conducts substantial business in Palm Beach County, Florida, and Plaintiff worked for Defendant in Palm Beach County, Florida, where the actions at issue took place.

## PARTIES

4. During all times relevant, Plaintiff lived in Broward County, Florida.

5. Plaintiff is protected by Title VII and the FCRA because:

   a. she is a female who suffered discrimination and harassment based on her sex by Defendant; and

   b. she suffered adverse employment action and was subjected to an increasingly hostile work environment based on her sex, including being unlawfully harassed and discharged because of her sex and being subjected to sexual harassment.

6. Defendant was at all material times an "employer" as defined by Title VII and the FCRA, as it employed in excess of fifteen (15) employees.

7. Defendant was at all material times a covered "employer" as defined by the FWA, as it employed ten (10) or more employees at all times relevant.

8. Defendant is a Florida Limited Liability Company which does business in Palm Beach County, Florida, and is therefore within the jurisdiction of this Court.

## CONDITIONS PRECEDENT

9. Pursuant to the FWA, Plaintiff timely files this action within the applicable period of limitations against Defendant.

10. Pursuant to Title VII and the FCRA, Plaintiff dual-filed a timely Charge of

Discrimination with the FCHR and the EEOC on or about July 25, 2022.

11. On or about January 24, 2023, the EEOC issued Plaintiff a Right to Sue letter.

12. More than 180 days have passed since the filing of Plaintiff's Charge of Discrimination.

13. Plaintiff's claims are ripe for filing.

14. Plaintiff timely files this lawsuit within ninety (90) days of receipt of her Right to Sue letter.

15. All conditions precedent to this action have been satisfied and/or waived.

## **GENERAL ALLEGATIONS**

16. Plaintiff worked for L24 as an Assistant Clinical Administrator from November 17, 2020, until her forced discharge on January 28, 2022.

17. During her employment with L24, Ms. Waugh was subjected to a campaign of harassment, abuse, and discrimination based on sex, including by L24 owner, Nick Alberino, Jr, who consistently called Ms. Waugh a "bitch" in front of staff.

18. Doubling down on Nick Alberino, Jr's harassment of Ms. Waugh, L24 Sales Manager Anthony Console also pestered Ms. Waugh beginning in June of 2021 due to her sex.

19. For many months, Mr. Console would command Ms. Waugh to "smile," and state that he "need[ed] to see [her] smile."

20. Mr. Console sent shirtless videos of himself to Ms. Waugh, and commanded her at 3:00 a.m. one morning to "come cuddle" with him.

21. On July 24, 2021, Ms. Waugh objected to her L24 Manager, Clinical Director Dina Andrade, that L24's actions via its Sales Manager constituted unlawful

3

discrimination and harassment based on sex and violated, *inter alia*, Title VII and the FCRA.

22. Ms. Waugh's objections constituted protected activity under the FWA, Title VII, and the FCRA.

23. Ms. Waugh's objections were to actual violations of, *inter alia*, Title VII and the FCRA.

24. Alternatively, Ms. Waugh's objections were to what Ms. Waugh reasonably believed to be actual violations of, *inter alia*, Title VII and the FCRA.

25. In response to Ms. Waugh's objections, Ms. Andrade did not take the matter seriously, instead merely stating, "awe, he likes you."

26. A few weeks later, Mr. Console vented his frustration at Ms. Waugh because she did not want to go to a water park with him on her off time.

27. Ms. Waugh called Ms. Andrade and reiterated her objections to the discrimination and harassment based on sex to which L24 was subjecting her.

28. Ms. Waugh's objections constituted protected activity under the FWA, Title VII, and the FCRA.

29. Ms. Waugh's objections were to actual violations of, *inter alia*, Title VII and the FCRA.

30. Alternatively, Ms. Waugh's objections were to what Ms. Waugh reasonably believed to be actual violations of, *inter alia*, Title VII and the FCRA.

31. Ms. Andrade responded to Ms. Waugh's objections by attempting to downplay Mr. Console's behavior, excusing him by stating that "he needs to get a clue but is a stupid boy who doesn't know how to approach women."

32. Mr. Console's subsequent behavior continued to be harassing and abusive,

based on sex.

33. Mr. Console would loom over Ms. Waugh's chair, and brush up against Ms. Waugh for no good reason.

34. On August 24, 2021, Mr. Console officiously meddled with Ms. Waugh's food. When Ms. Waugh objected to this, Mr. Console stated, "it's way too early in the morning for that fucking attitude."

35. Ms. Waugh was driven to tears that day, August 24, 2021, by Mr. Console's abuse and harassment.

36. Ms. Andrade candidly admitted to Ms. Waugh that L24's owners wouldn't get rid of Mr. Console, their only sales agent who was bringing in big accounts, and would get rid of Ms. Waugh before they got rid of Mr. Console.

37. The abuse, harassment, and discrimination based on sex directed against Ms. Waugh continued throughout 2021 and into 2022.

38. One of Ms. Waugh's other co-workers, Tammy Gonzalez, bullied and harassed Ms. Waugh, calling her a "brown noser and a kiss ass" and muttering darkly that she wasn't the only one in the office who thought of Ms. Waugh this way.

39. On January 4, 2022, Ms. Andrade told Ms. Waugh that she did not want Ms. Waugh around the office because there was "too much drama surrounding [her]."

40. On January 28, 2022, realizing that L24's discrimination, abuse, and harassment based on sex were not getting better and, if anything, were staying the same or even getting worse, Ms. Waugh regretfully submitted her letter of resignation.

41. No reasonable person would have done otherwise.

42. The temporal proximity between Plaintiff's objections to Defendant's illegal conduct, or what Plaintiff reasonably believed to be illegal conduct, and her

5

termination, is sufficiently close to create the necessary temporal nexus between the events.

43. Defendant had no legitimate non-discriminatory or non-retaliatory reason for discharging Plaintiff.

44. Plaintiff's discharge was for pretextual, discriminatory, and retaliatory reasons, including, but not limited to, her objections to Defendant's conduct in not taking prompt remedial measures to alleviate sexual harassment and retaliation as the law requires.

45. By reason of the foregoing, Defendant's actions affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the FCRA.

46. By reason of the foregoing, Defendant's actions violated Title VII and the FCRA.

47. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties.

48. Defendant does not have a non-discriminatory rationale for allowing and participating in the harassment, discrimination, and discharge suffered by Plaintiff.

49. Plaintiff suffered sufficiently severe and pervasive race-based harassment and discrimination to create an abusive working environment and ultimately discharge, because of her sex.

50. Plaintiff's objections to Defendant's violations of law were the cause of Defendant's discharge of Plaintiff.

51. The person to whom Plaintiff voiced her objections to Defendant's violations of law was a decision-maker in terms of retaliating against Plaintiff by discharging her.

52. As a result of Defendant's unlawful and retaliatory discharge of Plaintiff, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

53. Plaintiff's objections and refusals were considered protected activity pursuant to Fla. Stat. § 448.102(3), and qualified Ms. Waugh as a whistleblower under the law.

54. In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013), the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal conduct. *See id.* at 916 (To establish a violation of the FWA, an employee must establish that: (1) she objected to or refused to participate in an illegal activity, policy, or practice or what he reasonably believed to be an illegal activity, policy, or practice; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally linked to her objection or refusal).

55. Plaintiff was discharged in direct retaliation for reporting and objecting to Defendants' unlawful actions, or what she reasonably believed to be unlawful actions, in violation of Section 448.102 (3), Florida Statutes. *See Aery,* 118 So. 3d at 916.

56. Plaintiff has suffered damages as a result of Defendant's abuse, harassment, discrimination, retaliation, and discharge.

## COUNT I
## AGAINST DEFENDANT FOR HARASSMENT/ DISCRIMINATION/RETALIATION UNDER TITLE VII BASED ON SEX

57. Plaintiff realleges and adopts the allegations contained in paragraphs 1-56 as if fully set forth in this Count.

58. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against sex discrimination/sexual harassment/retaliation under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e, *et seq*.

59. The discrimination/harassment/retaliation to which Plaintiff was subjected was based on her sex.

60. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

61. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

62. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

63. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF AS TO COUNT I**

WHEREFORE, Plaintiff prays that this Court will:

64. Issue a declaratory judgment that the discrimination/harassment/retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

65. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination/harassment/retaliation through reinstatement, or, if that is not practical, through an award of front pay;

66. Grant Plaintiff a judgment against Defendant for damages, including back

pay, emotional distress damages, and punitive damages;

67. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 42 U.S.C. § 2000e-5(k).; and

68. Provide any additional relief that this Court deems just and appropriate.

## COUNT II:
## AGAINST DEFENDANT FOR HARASSMENT/DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON SEX

69. Plaintiff realleges and adopts the allegations contained in paragraphs 1-56 as if fully set forth in this Count.

70. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex discrimination/sexual harassment/retaliation under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

71. The discrimination/harassment/retaliation to which Plaintiff was subjected was based on her sex.

72. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

73. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

74. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Fla. Stat. § 760.11(5).

75. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**REQUEST FOR RELIEF AS TO COUNT II**

WHEREFORE, Plaintiff prays that this Court will:

76. Issue a declaratory judgment that the discrimination/harassment/retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

77. Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination/harassment/retaliation through reinstatement, or, if that is not practical, through an award of front pay;

78. Grant Plaintiff a judgment against Defendant for damages, including back pay, emotional distress damages, and punitive damages;

79. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to Fla. Stat. § 760.11(5);  and

80. Provide any additional relief that this Court deems just and appropriate.

**COUNT III- RETALIATION  IN
VIOLATION OF TITLE VII BASED ON SEX**

81. Plaintiff realleges and adopts the allegations contained in paragraphs 1-56 of the Complaint as if fully set forth in this Count.

82. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Title VII of the Civil Rights Act of 1964, as amended.  42 U.S.C. § 2000e, *et seq*.

83. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on sex.

84. Plaintiff's discharge was in close temporal proximity to her objections to Defendant that she felt that she was being discriminated against based on sex.

85. Plaintiff's objections constituted protected activity under Title VII.

86. Plaintiff was discharged as a direct result of her objections to what she reasonably believed to be sex discrimination.

87. Plaintiff's objections to Defendant's illegal conduct, and her discharge, are causally related.

88. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

89. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

90. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

91. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

92. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT IV- RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT BASED ON SEX

93. Plaintiff realleges and adopts the allegations contained in paragraphs 1-56

of the Complaint as if fully set forth in this Count.

94. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing discrimination under Section 760.10(7), Florida Statutes.

95. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal and discriminatory actions based on sex.

96. Plaintiff's discharge was in close temporal proximity to her objections to Defendant that she felt that she was being discriminated against based on sex.

97. Plaintiff's objections constituted protected activity under the FCRA.

98. Plaintiff was discharged as a direct result of her objections to what she reasonably believed to be sex discrimination.

99. Plaintiff's objections to Defendant's illegal conduct, and her discharge, are causally related.

100. Defendant's stated reasons for Plaintiff's adverse employment action are a pretext.

101. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

102. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

103. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

104. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT V:
### FLORIDA'S PRIVATE WHISTLEBLOWER ACT
### UNLAWFUL RETALIATION

105. Plaintiff realleges and adopts the allegations contained in paragraphs 1-56, above, as if fully set forth in this Count.

106. On January 28, 2022, Defendant forced Plaintiff's discharge in violation of Fla. Stat. § 448.102(3).

107. Plaintiff was fired for no reason other than Plaintiff objecting to illegal activity by L24, or what she reasonably believed to be illegal activity by L24, and Plaintiff's refusal to participate in same, in violation of Fla. Stat. § 448.102(3).

108. Plaintiff objected to a violation of a law, rule, or regulation, or what she reasonably believed to be a violation of a law, rule, and regulation, and was fired as a direct result of same, which constitutes a violation of the FWA.

109. As a result of Defendant's intentional, willful and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering and other monetary and non-monetary losses.

### REQUEST FOR RELIEF AS TO COUNT V

WHEREFORE, Plaintiff prays that this Court will:

110. Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FWA.

111. Require that Defendant make Plaintiff whole for her losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of front pay.

112. Grant Plaintiff a judgment against Defendant for damages, including back pay, emotional distress damages, and punitive damages.

113. Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to Fla. Stat. § 448.104.

114. Provide any additional relief that this Court deems just and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 24th day of April, 2023.

By: **/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd. 84 Suite 103
Davie, FL 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*